

FILED

APR 09 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GLEN RAY MADSEN,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 19-27-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On January 19, 2019, Petitioner Glen Ray Madsen, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Madsen is a state prisoner proceeding pro se.

## I.   Motion to Proceed In Forma Pauperis

Madsen has requested the Court to allow him to proceed in forma pauperis. (Doc. 2.)  After reviewing the motion and supporting account statement, Madsen has sufficiently shown he cannot afford to pay all costs that may be associated with this action.  The motion to proceed in forma pauperis will be granted.

---

[1] Under the "prison mailbox rule," a prisoner's federal habeas petition is deemed filed when it is delivered to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).  Although the Court did not receive Madsen's petition until March 12, 2019, Madsen indicates he provided it to prison authorities on January 19, 2019.  See, (Doc. 1 at 8.)

1

## II. 28 U.S.C. § 2254 Petition

Madsen challenges a five-year prison sentence for Indecent Exposure handed down in Montana's Sixteenth Judicial District, Custer County. (Doc. 1 at 2-3.) Madsen apparently entered an *Alford* plea[2] to the offense. (*Id.* at 3, ¶5.) Madsen contends that his attorney provided him ineffective assistance of counsel when he failed to challenge the validity of the evidence against Madsen or challenge the existence of prior convictions used against Madsen for stacking purposes. (*Id.* at 4, ¶ 13(A)(i)). Madsen acknowledges that he has not presented this claim to the state courts. *Id.* at 4-5. Madsen does not specify the relief he seeks from this Court. *Id.* at 7, ¶ 16.

### i. Analysis

As a preliminary matter, this Court would note that Madsen previously filed a federal habeas petition challenging the calculation of his sentence. See, *Madsen v. Guyer*, CV-18-151-H, Pet. (filed Dec. 17, 2018). That matter was dismissed without prejudice as unexhausted. *Madsen v. Guyer*, CV-18-151-H, Or. (D. Mont. Feb. 1, 2019).

Madsen has filed various original proceedings in the Montana Supreme

---

[2] When entering an *Alford* plea, the defendant pleads guilty and consents to the imposition of sentence, while still expressly maintaining his or her innocence. See, *North Carolina v. Alford*, 400 U.S. 25 (1970). Before accepting an *Alford* plea, the court must find "strong evidence of actual guilt." *Alford*, 400 U.S. at 37.

Court challenging the conviction and sentence he is currently serving, although none of those actions raised the claim he seeks to advance in the instant petition.[3] But the Montana Supreme Court did recently grant Madsen's petition for an out-of-time appeal of his criminal sentence and appointed counsel to represent him. See, *State v. G. Madsen*, No. DA 19-0053, Or. (Mont. Feb. 5, 2019). Madsen's opening brief has not yet been filed, thus, it is unclear what claims he will raise.

Madsen's pending petition should be dismissed because any claim he seeks to advance relative to the effectiveness of his counsel has not yet been exhausted in the state court system. Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of

---

[3] See, *Madsen v. Guyer*, OP 18-0699, Or. (Mont. Dec. 27, 2018)(denying habeas petition seeking medical parole); *Madsen v. Guyer*, OP 18-0725, Or. (Mont. Jan. 15, 2019)(denying habeas petition seeking additional credit for street time); *Madsen v. Guyer*, OP 19-0054, Or. (Mont. Feb. 5, 2019)(denying habeas petition challenging revocation of his sentence due to health issues); *Madsen v. Guyer*, OP 19-0060, Or. (Mont. Feb. 5, 2019)(denying habeas petition challenging the legality of his felony sentence); and, *Madsen v. Guyer*, OP 19-0083, Or. (Mont. Feb. 19, 2019)(denying habeas petition challenging Madsen's classification and placement with the Montana Department of Corrections). All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed March 18, 2019).

comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

As set forth above, Madsen currently has an out of time direct appeal pending. Thus, Madsen may still be able to present the claim challenging the effectiveness of his counsel. Because there are still remedies available to Madsen under state law, he has not yet exhausted his available state court remedies and this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982).

Dismissal should be without prejudice and Madsen may return to this Court if and when he fully exhausts his ineffective assistance of counsel claim in the state courts.

//

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Madsen has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

### ORDER

1. Mr. Madsen's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is

**GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Madsen may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Madsen must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 9th day of March, 2019.

/s/ Timothy J. Cavan
Timothy J. Cavan
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Madsen is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.